UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BELMONT VILLAGE, L.P. and BELMONT VILLAGE AT BUCKHEAD SENIOR HOUSING, LLC<br><br>Defendants. | CIVIL ACTION NO.:<br><br>1:11-CV-02848-JOF-JFK |

## CONSENT DECREE

This action was instituted by the Equal Employment Opportunity Commission (the "EEOC" or the "Commission") against Defendants, Belmont Village, L.P. ("Belmont") and Belmont Village at Buckhead Senior Housing, LLC ("Belmont LLC") (collectively, "Defendants"), pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* (hereinafter "Title VII"), and the Civil Rights Act of 1991, 42 U.S.C. § 1981(a), to remedy the alleged wrongful practices identified in the Complaint filed in this action.

The Commission alleges in the foregoing civil action that Defendants acted unlawfully by terminating the employment of Joann Johnson and Marcia Thomas because of their pregnancies in violation of Title VII. In its Complaint, the

Commission seeks make-whole relief including, but not limited to, back pay with interest, compensatory and punitive damages, and injunctive and other affirmative relief. Defendants filed a timely answer asserting defenses and denying the allegations in the Complaint.

The parties to this action desire to avoid the additional expense, delay, and uncertainty that would result from the continuance of this litigation, and desire to formulate a plan to be embodied in this Consent Decree that will promote the purposes of Title VII. The parties want to conclude fully and finally all claims arising out of the Charge of Discrimination filed with the Commission by Joann Johnson and the Commission's Complaint. They enter into this Consent Decree to further the objectives of Title VII and equal employment opportunity. This Consent Decree is not to be deemed or construed to be an admission of liability or wrongdoing by Defendants but constitutes the good faith settlement of a disputed claim.

This Court has jurisdiction over the subject matter of this action and over the parties to this action, as the employment practices alleged to be unlawful in the Complaint filed herein occurred within the jurisdiction of the Northern District of Georgia, Atlanta Division.

This Court has reviewed the terms of the proposed Consent Decree in light of the pleadings and the applicable law and regulations, and has approved this

Consent Decree as one that will promote the purposes of Title VII.

Now, therefore, this Court being fully advised in the premises, it is hereby ORDERED, ADJUDGED, AND DECREED:

**I.      JURISDICTION AND VENUE**

Jurisdiction of this Court is pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized pursuant to Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

**II.     DISCLAIMER OF VIOLATION**

It is understood and agreed that the negotiation, execution, and entry of this Consent Decree by the parties shall not constitute an adjudication or finding on the merits of this case, and shall not be construed as an admission by either party with respect to the claims asserted in this case. Nothing in this Consent Decree shall be admissible in any other judicial or administrative proceeding for any purpose except to enforce the terms of this Consent Decree.

**III.    NON-DISCRIMINATION PROVISION**

Defendants, including their general partners, limited partners, officers, agents, members, managers, supervisors, successors and assigns, and all those in active concert or participation with it, are enjoined from discriminating against any individual because of their pregnancy as required by Title VII. Defendants agree

to comply with Title VII, and that all employment practices, including hiring, termination, discipline, and promotion, and all other terms and conditions of employment shall continue to be conducted in a manner that does not discriminate on the basis of pregnancy status.

### IV. NON-RETALIATION PROVISION

Defendants, including their general partners, limited partners, officers, agents, members, managers, supervisors, successors and assigns, and all those in active concert or participation with it, are enjoined from retaliating against any person because that person is a beneficiary of this Consent Decree, or has provided information or assistance, or has participated in any other manner, in any investigation or proceeding relating to this Consent Decree as required by Title VII. Defendants agree that they will not discriminate against any employee for engaging in protected activity under Title VII.

### V. INSTRUCTION TO MANAGEMENT

Within sixty (60) days from the entry of this Consent Decree, Defendants shall certify, in writing, to the EEOC that all management and supervisory personnel who are currently employed at their Atlanta (Buckhead), Georgia and Johns Creek, Georgia locations have been instructed as to the terms of this Consent Decree (other than the monetary amount of the settlement) requiring compliance with Title VII, and the full meaning of the provisions of the Notice to be posted,

and that Defendants have reaffirmed with these employees that employment decisions are not to be made on any basis that is prohibited by Title VII. All written certification required by this Section shall be addressed to Robert K. Dawkins, Regional Attorney, EEOC Atlanta District Office, 100 Alabama Street SW, Suite 4R30, Atlanta, Georgia 30303.

## VI.   TRAINING

During the term of this Consent Decree, Defendants shall hold one training session(s) within 4 months from the date of entry of this Consent Decree and a second training session within the next two calendar years, the cost of which is to be borne by Defendants, to be attended by every available employee (non-supervisory and supervisory employees) working at their Atlanta (Buckhead), Georgia and Johns Creek, Georgia locations on their rights and obligations arising under Title VII, including, but not limited to, Defendants' obligations under Title VII not to discriminate against any employee on the basis of their pregnancy status. If any employees are not available on the day of the training(s), Defendants will review the training materials with those unavailable employees and obtain written confirmation from the unavailable employees that Defendants reviewed the materials with them. Defendants shall also re-distribute their EEO policies to their employees in advance of or at the time of these trainings.

Defendants shall provide written certification to the Commission of training

completed pursuant to this Section within fifteen (15) days following completion of the training. The certification shall include the name(s) and qualifications of the person(s) providing instruction, names and job titles of attendees, length of training, and the training topics. If written materials are used or distributed to attendees, the Commission shall be supplied with a copy of such materials for its review, but those written materials will not be retained by the Commission or disclosed to the public by the Commission.

All written notice and certification required by this Section of the Consent Decree shall be addressed and forwarded to Robert K. Dawkins, Regional Attorney, EEOC Atlanta District Office, 100 Alabama Street SW, Suite 4R30, Atlanta, Georgia 30303.

## VII. **REPORTING REQUIREMENT**

Every six (6) months for the duration of this Consent Decree, Defendants shall certify in writing to the Regional Attorney whether any person employed at Defendants' Atlanta (Buckhead) Georgia location or any restaurant employee at the Johns Creek, Georgia location have complained about pregnancy discrimination. If an employee has so complained, then the summary report shall include the following information:

(a)   The date of the complaint or report;

(b)   The name of the person making the complaint or report;

(c) The name and title of the person against whom the complaint or report was made;

(d) The nature of the complaint or report;

(e) The name and title of Defendants' official to whom the complaint or report was made;

(f) A description of how the complaint or report was resolved by Defendants, including any personnel action(s) taken by Defendants in response to the complaint or report.

The required report shall be addressed and forwarded to Robert K. Dawkins, Regional Attorney, EEOC Atlanta District Office, 100 Alabama Street SW, Suite 4R30, Atlanta, Georgia 30303.

## VIII. NOTICES TO BE POSTED

Upon entry of this Consent Decree and continuing until the expiration date specified in Section X herein, Defendants shall keep posted at their Atlanta (Buckhead), Georgia and Johns Creek, Georgia locations a copy of the Notice attached to this Consent Decree (as Attachment A). The posting required by this paragraph shall be made on bulletin boards or locations selected so that each employee at the Atlanta (Buckhead),Georgia and Johns Creek, Georgia locations shall have the opportunity to observe at least one such posting. Defendants will fulfill the posting requirement within fifteen (15) days of the entry of this Consent

Decree and shall certify, within thirty (30) days of such date, that the posting has been accomplished.

Defendants shall not withhold the right of the EEOC to enter upon its premises to monitor compliance with this Section. Should the Notice become defaced, marred, or otherwise unreadable, Defendants will ensure that a new, readable copy of the Notice is posted in the same manner as heretofore specified within five (5) working days of discovering the defective Notice.

## IX.   CHARGING PARTIES' INDIVIDUAL RELIEF

Defendants, in settlement of all claims alleged by the Commission in its Complaint, shall pay Joann Johnson a total of $80,000 and Marcia Thomas a total of $14,000, which checks shall be provided to the EEOC Robert K. Dawkins, Regional Attorney, EEOC Atlanta District Office, 100 Alabama Street SW, Suite 4R30, Atlanta, Georgia 30303 within twenty-one (21) days of the date of this Consent Decree.

In addition, Defendants shall provide neutral references for Joann Johnson and Marcia Thomas when any future employer or any other party inquires into their employment with Defendants.

## X.   TERM OF DECREE AND PERIOD OF JURISDICTION

This Consent Decree shall continue to be effective and binding upon the parties to this action for a period of thirty (30) calendar months immediately

following the entry of the Decree, provided that all remedial benefits required hereby have been received or offered prior to its expiration and provided further, that all required reports and certifications are submitted at least thirty (30) days before the expiration date of the Consent Decree. If required reports are not submitted within thirty (30) days of the expiration date or if the remedial benefits are not received or offered, the Consent Decree will be automatically extended until these provisions are completed.

Upon the Court's execution and entry of this Consent Decree, this case is dismissed with prejudice. However, this Court shall retain jurisdiction over this action for the purposes of clarifying and enforcing this Consent Decree and for any other appropriate or equitable purposes for thirty (30) calendar months from the date of entry of this Consent Decree, unless the Court acts or the Commission has, prior to the expiration of said thirty (30) calendar month period, moved to enforce compliance with the Consent Decree. If the Court acts or the Commission has moved to enforce compliance with this Consent Decree within this period, this Court shall retain jurisdiction of this action until all issues relating to all such motions that are made during the thirty (30) month period have been resolved. At the expiration of the thirty (30) month period of jurisdiction, if all obligations have been performed by the parties under this Consent Decree, and no disputes regarding compliance that have been timely reported by one party to the other

remain unresolved, then the Consent Decree shall expire.

## XI. COMPLIANCE OFFICIAL

The Defendants have designated Deborah Gerth, Vice President of Human Resources, to be Defendants' Compliance Official who shall be responsible for Defendants' compliance with this Consent Decree. The Compliance Official is to be responsible for coordinating and overseeing Defendants' compliance with the specific terms of this Consent Decree.

## XII. PROCEDURE FOR ENFORCING COMPLIANCE

The parties will attempt to resolve any disputes regarding the enforcement of this Consent Decree by informal mediation and consultation before seeking enforcement through the judicial process. The Commission will notify, in writing by first-class mail and facsimile, Defendants' Compliance Official if it has any reason to believe that any act or omission by Defendants is in violation of the Consent Decree. Defendants shall have thirty (30) days after the receipt of such notification to cure any such alleged deficiency, and to notify the Commission, by written report addressed to the Regional Attorney at the EEOC's Atlanta District Office, of the measures taken to cure the alleged deficiencies.

If upon receipt of Defendants' report, the Commission concludes that the deficiency has not been satisfactorily cured by Defendants, the Commission shall seek to resolve the alleged deficiency through good faith conciliation. If good faith

conciliation efforts do not resolve the dispute, then the parties agree to participate in mediation with an independent and impartial mediator. If the alleged deficiency is not resolved within thirty (30) days after the completion of such good faith conciliation and mediation process, then the Commission may seek enforcement of this Consent Decree through the judicial process.

Nothing in this agreement shall be deemed to prohibit any matter which occurred during the term of this Consent Decree, and which constitutes a dispute as contemplated by this Section, from being fully and completely resolved in the manner described in this Section, even if the term of the Consent Decree expires prior to thirty (30) days after the initiation of good faith conciliation or mediation as set forth in this Section.

## XIII. OTHER ACTIONS

The Commission shall not commence or prosecute Defendants for any action or other proceeding based upon any claims, demands, causes of action, obligations, damages or liabilities that arose out of Joann Johnson's or Marcia Thomas's claims that they were subjected to pregnancy discrimination in violation of Title VII, as embodied in EEOC Charge Number 410-2009-03421, which was filed with, and investigated by, the EEOC's Atlanta District Office. This Consent Decree in no way affects the Commission's right to process any pending or future charges that may be filed against Defendants in accordance with standard

Commission procedures, and to commence and prosecute civil actions pursuant to Title VII (or any other statutes enforced by the Commission) on any such charges. Nothing in this Consent Decree shall be construed to limit or reduce the EEOC's and Defendants' obligation to fully comply with Title VII or the regulations promulgated pursuant thereto. Nothing herein shall preclude the Commission or Defendants from bringing an action to enforce the provisions of this Consent Decree.

## XIV. **COSTS AND ATTORNEYS FEES**

The EEOC and Defendants shall each bear their own respective costs and attorneys' fees for this action.

The parties hereto and undersigned attorneys of record for the parties in the above-styled action hereby consent to the entry of the foregoing Consent Decree.

**BY CONSENT**:

Counsel for Plaintiff:         /s/Robert K. Dawkins
                               Robert K. Dawkins, Esq.
                               Georgia Bar No: 076206

                               EQUAL EMPLOYMENT OPPORTUNITY
                               COMMISSION- Atlanta District Office
                               100 Alabama Street, SW, Suite 4R30
                               Atlanta, Georgia 30303

Counsel for Defendants:         /s/Calvin Garner Sanford, Jr.
                                Calvin Garner Sanford, Jr., Esq.
                                Georgia Bar No. 005020
                                *(Signed with express permission)*

                                Ogletree Deakins Nash Smoak
                                & Stewart P.C.
                                191 Peachtree Street, N.E., Suite 4800
                                Atlanta, GA 30303

SO ORDERED, this the 27th day of July, 2012.

_____
United States District Court Judge
Northern District of Georgia, Atlanta Division